422 P.2d 708

**STATE of Arizona, Appellee,**

v.

**Joe D. SNOWTON, Appellant.**

**No. 1752.**

Supreme Court of Arizona.

In Banc.

Jan. 25, 1967.

Darrell F. Smith, Atty. Gen., and Robt. K. Corbin, County Atty., Maricopa County, for appellee.

Vernon B. Croaff, Public Defender, and Grant B. Laney, Deputy Public Defender, Phoenix, for appellant.

UDALL, Justice.

On October 6, 1964, an information was filed in the Superior Court of Maricopa County charging the appellant, Joe Daniels Snowton, hereinafter referred to as defendant, with the crimes of robbery and assault with a deadly weapon. At his arraignment on October 19, 1964, defendant plead not guilty to both counts, but on January 5, 1965, defendant withdrew his former plea and entered a plea of guilty to the robbery charge, whereupon the charge of assault with a deadly weapon was dismissed on motion of the County Attorney. Defendant was sentenced to a term of not less than ten years nor more than twelve in the Arizona State Prison.

Defendant filed a petition for writ of habeas corpus which was denied on December 9, 1965. On September 15, 1966, defendant filed a motion to vacate and set aside judgment and sentence and in the alternative for a new trial. From the order denying said motion, defendant appeals.

Court-appointed counsel moved this Court to allow submission of the appeal on the record in that counsel was unable to find grounds upon which an appeal could be based. Accordingly, we have searched the record for fundamental error as is required by A.R.S. § 13–1715.

The record discloses that early on the morning of August 13, 1964, the defendant left a cafe in the company of Bryan L. Finch, Clarence L. King and Arthur R. Malone. The four of them drove together in Finch's car to a sparsely settled residential area, where they alighted. Defendant then drew a .22 caliber pistol from his pocket and demanded Finch's wallet. As Finch reached into his rear pants pocket to remove his wallet, defendant shot him one time in the left abdominal area and took the victim's wallet and wrist watch.

A criminal complaint was filed and a warrant of arrest issued on September 9, 1964, and the following day the warrant was served on defendant. The record clearly shows that defendant was ably represented by counsel at all times during the proceedings, including his arraignment and preliminary hearing, and that defendant's plea of guilty to the charge of robbery was entirely voluntary.

On examination of the entire record, we find no fundamental error. Judgment affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.